UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:09-CV-445-C

**CONNIE MARSHALL**                                                                              **PLAINTIFF**

**v.**

**GLOBAL CONNECTIONS, INC**. *et al.*
**DEFENDANTS**

### MEMORANDUM OPINION

The plaintiff, Connie Marshall, filed this *pro se* action against Global Connections Inc., Global Connections Inc. of America, and their President and CEO Houssam Abdallah. Plaintiff alleges that the defendants:

> violated her Civil Rights, Civil Liberties, fraudulently billed her, illegal wiretapping, tortured tormented, trespassed and violated her right to privacy and basic human rights by committing the following:  1) illegally and fraudulently charged Ms. Marshall for telephone services that they did not provide; 2) knowingly allowed Ms. Marshall to be attacked and tortured numerous times on her telephone by manipulating telephone frequencies (micro waving); 3) knowingly allowed Sandra Grieve (someone in Portland, Oregon) and numerous other persons to intercept, reroute, disconnect, torture, torment and harass Ms. Marshall on her telephone; 4) knowingly blocked Ms. Marshall's fax machine and any internet service (dial up) she tried to use with this company did not go through.

Marshall is seeking restitution in the amount of ten million dollars and an additional thirty million dollars for pain and suffering and any future medical bills arising from the "micro waving."

Marshall attaches a "log of events" to her complaint.  The log lists a number of occurrences that Marshall attributes to the defendants in one way or another.

She details the dates she believes sounds and frequencies were sent through her telephone and television.  She also lists numerous "strange" calls that she has received.  She believes that the defendants are part of a vast federal conspiracy against her.

Under 28 U.S.C. § 1915(e), which governs *in forma pauperis* proceedings, the court has a duty to screen initial filings.  *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  Specifically, a district court must dismiss an action that the court finds to be frivolous or malicious or that fails to state a claim.  *See* 28 U.S.C. § 1915(e)(2)(B)).  "The *in forma pauperis* statute, unlike Rule 12(b)(6), 'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'  'Examples of the latter class,' we said, 'are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'"  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327-38 (1989)).  "A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  *Id.* at 33.

The court has carefully reviewed the complaint.  It is comprised of precisely the type of "fantastic," "delusional" and "incredible" allegations that warrant

dismissal of the complaint as factually frivolous.  While Marshall no doubt sincerely believes that defendants and others are attacking her via the telephone, her thinking on these matters is delusional and paranoid.  *See  Knight v. Foxworth*, No. 6:07cv70, 2007 U.S. Dist. LEXIS 61727 (E.D. Tex. Aug. 22, 2007) ("In this case, it is apparent that Knight's claims of monitoring by unseen enemies via computer, through the plumbing and air vent in his cell, are irrational and wholly incredible.") The court cannot provide Marshall with the assistance she needs.  Her allegations are simply based on some paranoid or delusional fantasy and unsupported imaginings that the defendants and others are somehow targeting her.

Accordingly, this action will be dismissed under 28 U.S.C. § 1915(e)(2)(B)(I) as frivolous.

Signed on  October 13, 2009

*Jennifer B. Coffman*

**Jennifer B. Coffman, Judge**
**United States District Court**

3