UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:09-CV-445-C

**CONNIE MARSHALL**                                                               **PLAINTIFF**

v.

**GLOBAL CONNECTIONS, INC.** *et al.*
**DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Unrepresented by counsel, the plaintiff, Connie Marshall, filed this action against Global Connections Inc., Global Connections Inc. of America, and their President and CEO Houssam Abdallah. By order entered October 15, 2010, the court dismissed this case under 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous. Currently before the court are three motions by the plaintiff: a motion seeking recusal of the undersigned judge, a motion seeking reconsideration of the dismissal, and a motion for appointment of counsel. Each is addressed below.

### Motion for recusal

The plaintiff lists two grounds for recusal: 1) the undersigned was a defendant in a prior action brought by the plaintiff and other federal judges that has since been dismissed; and 2) the court's opinion dismissing the plaintiff's case demonstrates that the undersigned lacks the factual or legal knowledge to preside over this case. Neither ground is sufficient to justify recusal in this case.

Motions for recusal are committed to the discretion of the district court

deciding the motion. *See Youn v. Track, Inc.*, 324 F.3d 409, 422 (6th Cir. 2003). It is proper for the challenged judge to rule on the motion for recusal. *See United States v. Hatchett*, No. 92-1065, 1992 U.S. App. LEXIS 27169 (6th Cir. Oct. 15, 1992); *see also Easley v. Univ. of Mich. Bd. of Regents*, 853 F.2d 1351, 1355-56 (6th Cir. 1988). "A district court judge must recuse [her]self where a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. This standard is objective and is not based on the subjective view of a party." *United States v. Dandy*, 998 F.2d 1344, 1349 (6th Cir. 1993). "Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Furthermore, "[t]he mere fact that [this judge] may be one of the numerous federal judges that [the plaintiff] has filed suit against is not sufficient to establish that [her] recusal from [this] case is warranted under 28 U.S.C. § 144 or § 455(a)." *Azubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006). To hold otherwise "would allow litigants to judge shop by filing a suit against the presiding judge." *In re Taylor*, 417 F.3d 649, 652 (7th Cir. 2005).

The undesigned finds no ground in this case to justify her recusal. Accordingly, the plaintiff's motion for recusal (DN 8) is **DENIED**.

**Motion to reconsider**

After review of the plaintiff's motion and its prior ruling, the court is confident that it reached the correct result in this matter. Accordingly, the

2

plaintiff's motion to reconsider (DN 7) is **DENIED**.

**Motion for appointment of counsel**

This action has been dismissed, and there is no appeal presently pending. Accordingly, the plaintiff's motion for appointment of counsel (DN 9) is **DENIED as moot.**

The clerk of court is **DIRECTED** to mail a copy of this memorandum opinion to the *pro se* plaintiff.

Signed on March 2, 2010

**Jennifer B. Coffman, Judge**
**United States District Court**